**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| **ROBERT BELL**, on behalf of himself and others similarly situated, | : : : |
| Plaintiff, | : **CASE NO. 3:22-cv-157** : |
| v. | : **JUDGE** : |
| **LWB/STG CARRIER LP**, c/o Bryan A. Niemeyer 100 South Main Ave., Suite 300 Sidney, OH 45365, | : **MAGISTRATE JUDGE** : : **JURY DEMAND INCLUDED HEREON** : : |
| Defendant. | : |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR
VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now comes Plaintiff Robert Bell ("Named Plaintiff"), by and through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for his Collective and Class Action Complaint against Defendant LWB/STG Carrier LP ("Defendant") for its failure to pay employees overtime wages and seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.03 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act, Ohio Rev. Code § 4113.15 ("OPPA") (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts").

Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) while the Ohio Acts claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following collective and class action allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the

acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA, 29 U.S.C. § 216(b).

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio (the Ohio Acts) over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy. Further, Defendant conducts substantial business in the Southern District of Ohio. Moreover, Defendant purposefully availed itself of this Court's jurisdiction and venue when it elected to operate and/or control the daily activities and terms and conditions of employment of Named Plaintiff and others similarly situated (as outlined more fully below).

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to Named Plaintiff's claims occurred in the Southern District of Ohio at Defendant's facility located at 9160 Country Club Road, Piqua, Ohio 45356.

## II. PARTIES

### A. Named Plaintiff

4. Named Plaintiff is an individual, a United States citizen, and a resident of this judicial district.

5. Named Plaintiff worked as an hourly, non-exempt "employee" of Defendant as defined in the FLSA and the Ohio Acts primarily in the position of machine operator from approximately January 2022 to May 2022.

6. At all times relevant, Named Plaintiff primarily performed non-exempt duties for Defendant at its facility located in Piqua, Ohio.

7. Named Plaintiff's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

**B. Defendant**

8. At all times relevant, Defendant is a limited partnership authorized to do business in Ohio.

9. Defendant employed Named Plaintiff and other similarly situated employees to work at this facility.

10. At all times relevant, Defendant was an "employer" as that term is defined by the FLSA and the Ohio Acts due to its employment of Named Plaintiff and those similarly situated as described herein.

11. At all relevant times, Defendant has controlled the terms and conditions of employment for Named Plaintiff and others similarly situated. In so doing, Defendant is responsible for the human resources decision-making processes, including material terms and conditions of employment and other human resource operations, for Named Plaintiff and those similarly situated.

12. At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiff's and other similarly situated employees' working conditions, including matters governing the essential terms and conditions of their employment. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

13. At all relevant times, Defendant has had the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

14. Upon information and belief, Defendant applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees, including policies, practices and procedures relating to the payment of wages, overtime, and timekeeping.

15. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

16. During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

17. During relevant times, Defendant benefitted from the work performed by Named Plaintiff and those similarly situated.

18. Upon information and belief, Defendant operates and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

19. Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to all employees, including

policies, practices and procedures relating to payment of and compliance with the FLSA and Ohio law (as applicable), including overtime wages, timekeeping, maintenance of records, etc.

20. Defendant has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

21. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

## III. FACTS

22. At all times relevant to this Complaint, Defendant employed Named Plaintiff and other similarly situated employees in non-exempt, hourly capacities.

23. During all times relevant to this Complaint, Named Plaintiff and other similarly situated hourly, non-exempt warehouse employees frequently worked more than forty (40) hours per week.

24. Defendant uses/used a timekeeping system that records/recorded its hourly warehouse employees' exact punch-in and punch-out times.

25. Defendant maintains a policy or practice of requiring its hourly, non-exempt warehouse employees to perform work while on the clock. After clocking in prior to their scheduled shift start times, Named Plaintiff and other similarly situated hourly warehouse employees immediately began working.

26. Named Plaintiff and other similarly situated hourly warehouse employees began working promptly upon clocking in and performed work up to and until clocking out.

27. For example, Named Plaintiff clocked in and either immediately began powering up the machines or went to his workstation to begin working prior to the start of his scheduled shift.

28. Upon information and belief, Defendant maintains a rounding system whereby it rounds its hourly warehouse employees' punch-in times up to the scheduled start of their shift, regardless of when they clocked in.

29. For example, Named Plaintiff regularly clocks in prior to the start of his scheduled shift and immediately thereafter begins working; however, Defendant does not begin paying Named Plaintiff until the scheduled start of his shift.

30. Thus, Defendant's pre-shift rounding policy ensures that Named Plaintiff and other similarly situated hourly warehouse employees are not paid for any work performed prior to the scheduled start of their shifts.

31. Named Plaintiff and other similarly situated hourly warehouse employees continue to engage in work duties up to and until the time they clock out of work.

32. Defendant's failure to compensate Named Plaintiff and other similarly situated hourly warehouse employees for time spent working prior to the scheduled start of their shifts resulted in unpaid overtime in violation of the FLSA.

## IV. FLSA COLLECTIVE ALLEGATIONS

33. Named Plaintiff brings his FLSA claims pursuant to Section 216(b) as a representative collective action on behalf of himself and all other similarly situated employees of the opt-in class. The FLSA collective consists of the following:

> **All current and former hourly non-exempt warehouse employees of Defendant who were paid for at least forty (40) hours in any workweek during the three (3) years preceding the filing of this Complaint and continuing through the final**

        **disposition of this case ("FLSA Collective" or "FLSA Collective Members").**

34. Named Plaintiff and putative FLSA Collective Members were all subject to the same policies or practices described above, which resulted in unpaid overtime.

35. During some or all of the last three (3) years, Defendant did not compensate Named Plaintiff and the putative FLSA Collective Members for time spent performing substantial duties for Defendant's benefit.

## V.    RULE 23 ALLEGATIONS

36. Named Plaintiff brings his Ohio Wage Act claims pursuant to Federal Rule of Civil Procedure 23 as a class action on behalf of himself and all other members of the following class:

> **All current and former hourly, non-exempt warehouse employees of Defendant who were paid for at least forty (40) hours in any workweek during the two (2) years preceding the filing of this Complaint and continuing through the final disposition of this case ("Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").**

37. The Ohio Rule 23 Class includes all current or former hourly, non-exempt warehouse employees employed by Defendant throughout the State of Ohio as defined above.

38. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

39. Named Plaintiff is a member of the Ohio Rule 23 Class, and his claim for unpaid wages is typical of the claims of other members of the Ohio Rule 23 Class.

40. Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

41. Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that he has undertaken to represent.

42. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

43. Questions of law and fact are common to the Ohio Rule 23 Class.

44. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

45. Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

46. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class, and a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

47. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class for hours worked in excess of forty (40) hours per week because of its rounding policy; (b) whether Defendant kept accurate records of the amount of time the Ohio Rule 23 Class was working each day; (c) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Acts; and (e) what amount of prejudgment interest is due to

Ohio Rule 23 Class members for overtime or other compensation that was withheld or not paid to them.

48. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

49. All of the preceding paragraphs are realleged as if fully rewritten herein.

50. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective.

51. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per workweek. 29 U.S.C. § 207(a)(1).

52. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

53. Named Plaintiff and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

54. Named Plaintiff and the FLSA Collective Members regularly worked forty (40) or more hours in given workweeks.

55. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective Members by, *inter alia*, failing to pay overtime for all hours worked over forty (40) hours in a workweek because of Defendant's policies and/or practices described herein.

56. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

57. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

58. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

59. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective Members.

## SECOND CAUSE OF ACTION:
## R.C. § 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

60. All of the preceding paragraphs are realleged as if fully rewritten herein.

61. This claim is brought under the Ohio Wage Act.

62. Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Wage Act.

63. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

64. Named Plaintiff and the Ohio Rule 23 Class Members worked in excess of the maximum weekly hours permitted under Section 4111.03 but were not paid overtime wages for all of such time spent working.

65. Defendant's policies and/or practices described herein impermissibly reduced Named Plaintiff's and the Rule 23 Class Members' compensable hours worked and resulted in unpaid overtime.

66. Named Plaintiff and the Ohio Rule 23 Class Members were not exempt from the wage protections of the Ohio Wage Act.

67. Defendant's repeated and knowing failures to pay overtime wages to Named Plaintiff and the Ohio Rule 23 Class members were violations of Section 4111.03, and, as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Ohio Rule 23 Class Members were entitled.

68. For Defendant's violations of Section 4111.03, by which Named Plaintiff and the Ohio Rule 23 Class Members have suffered and continue to suffer damages, Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the Rule 23 Class Members.

**THIRD CAUSE OF ACTION:**
**R.C. § 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION**

69. All of the preceding paragraphs are realleged as if fully rewritten herein.

70. Named Plaintiff and the Ohio Rule 23 Class Members were employed by Defendant.

71. During all relevant times, Defendant was an entity covered by the OPPA, and Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

72. The OPPA requires Defendant to timely pay Named Plaintiff and the Ohio Rule 23 Class Members all wages, including unpaid overtime, in accordance with Section 4113.15(A).

73. By failing to pay Named Plaintiff and the Ohio Rule 23 Class Members all wages due to them under the FLSA and the Ohio Wage Act, Defendant also violated the OPPA.

74. Named Plaintiff's and the Ohio Rule 23 Class Members' unpaid wages, including overtime, remained unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

75. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

76. As a result of Defendant's willful violation, Named Plaintiff and the Ohio Rule 23 Class Members are entitled to unpaid wages and liquidated damages, as stated in Section 4113.15.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Rule 23 Class under the Ohio Acts;

D. Finding that Defendant failed to keep accurate records, and, as such, Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Awarding to Named Plaintiff and the FLSA Collective Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Named Plaintiff and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages, as to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

G. Awarding judgment against Defendant for liquidated damages pursuant to the OPPA;

H. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

I. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members such other and further relief as the Court deems just and proper;

J. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

K. Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever;

L. Directing Defendant to pay reasonable attorneys' fees and all costs connected with this action; and

M.    Granting such other and further relief as to this Court may deem necessary, just, and proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
           agedling@mcoffmanlegal.com
           khendren@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman